UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PNC EQUIPMENT FINANCE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-3774-B |
| | § | |
| K. KYLE LEWIS | § | |
| | § | |
| K. KYLE LEWIS TRUST I | § | |
| K. KYLE LEWIS TRUST II, and | § | |
| K. KYLE LEWIS TRUST III | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff PNC Equipment Finance LLC's ("PNCEF") Motion for Default Judgment (doc. 12), filed April 10, 2015. For the reasons that follow, the Court concludes that Plaintiff's motion should be, and hereby is, **GRANTED** and **ORDERS** Plaintiff to submit supplemental briefing, no later than October 30, 2015, in order to establish the amount for which Defendants' collateral sold.

### I.

### BACKGROUND

Plaintiff, PNCEF, originally filed this suit against Defendants—K. Kyle Lewis, K. Kyle Lewis Trust I, K. Kyle Lewis Trust II, and K. Kyle Lewis Trust III—to recover money owed under two promissory notes (the notes). Doc. 1, Pl.'s Compl. Specifically, PNCEF alleges that, because the original borrower on the notes went bankrupt and stopped making payments, a default occurred. Pl.'s Compl. ¶¶ 18-20. Thus PNCEF argues that, as the original lender's successor, it is entitled to

payment from Defendants on the notes, since each Defendant had previously signed separate Guaranty Agreements agreeing to be held liable for the original debtor's debts. *Id.* ¶¶ 10-13.

But according to Plaintiff, Defendants failed to pay the amount due, Pl.'s Compl. ¶ 22, and so, Plaintiff sued for the balance, serving Defendants via publication (with the Court's permission) and filing proof of service on August 12, 2014. Doc. 7, Order Granting Mot. for Leave to Serve by Publication; Doc. 8, Aff. of Service for Citation via Publication. After Defendants failed to answer the summons, Plaintiff moved the Court for an entry of default, Doc. 10, Request for Clerk to Issue Entry of Default, which it granted. Doc. 11, Clerk's Entry of Default. Eight days later, Plaintiff moved the Court to enter a default judgment in its favor. Doc. 12, Mot. For Default J. The Court now considers that motion.

## II.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts

have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, courts are to assume, that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. A fact is well-pleaded for default judgment purposes if it comports with Rule 8's pleading requirements. *Wooten v. McDonald Transit Associates, Inc.*, 788 F. 3d 490, 498 (5th Cir. 2015). "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten*, 788 F. 3d at 498 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)). And while a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law," *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), when "all elements of [a] cause of action are present by implication," a complaint is "well-pleaded" for default judgment purposes. *Wooten,* 788 F. 3d at 499.

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

Applying this three-part analysis, the Court ultimately concludes that a default judgment here is (1) procedurally warranted and (2) supported by a sufficient factual basis in Plaintiff's Complaint. (3) But because the amount of damages cannot be entirely determined with mathematical calculation by referencing the pleadings and supporting documents, a hearing is necessary. *James*, 6 F.3d at 310. Thus, Plaintiff is entitled to a default judgment against Defendants on its claim for unpaid principal, interest, late charges, and legal fees under the two promissory notes, but a hearing will be required to determine the amount.

A.   *Whether Default Judgment is Procedurally Warranted*

The Court begins its analysis of Plaintiff's Motion by observing that all six *Lindsey* factors are satisfied in this case. First, Defendants have not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendants' "failure to respond threatens to bring the adversary process to halt, effectively

prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197 (S.D. Tex. Oct. 5, 2011), at *3 (citing *Lindsey*, 161 F.3d at 893). Third, given that Defendants have had almost two years now to file an answer or explain their reticence to do so, the grounds for default are clearly established. *Cf. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Fourth, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff only seeks the relief to which he is entitled under the two promissory notes and Guaranty Agreements, mitigating the harshness of a default judgment against Defendants. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.      *Whether There is a Sufficient Basis for Judgment in the Pleadings*

The Court finds that there is also sufficient factual support in Plaintiff's Complaint to enter default judgment in its favor on its claim that Defendants failed to pay under the two promissory notes, as they were obligated to under the Guaranty Agreements, discussed below.

Originally, Key Equipment Finance Inc. (Key) issued two promissory notes to Lewis Crane of Dallas, L.P. (Lewis Crane), one for $2,684,505.00, the other for $468,800.00. Pl. Compl. ¶ 10; Exs. A-B (the two promissory notes). Under the notes, identical save for different amounts, Lewis Crane agreed to repay Key principal and interest in 120 consecutive monthly installments. Exs. A-B ¶ 4(ii).

Thereafter, Lewis Crane merged with LWL Management Inc., which then turned into LWL Management LLC. Pl.'s Compl. ¶ 10. Key, for its part, negotiated, assigned, and transferred the Notes, Guaranty Agreements, Master Security Agreement, and other Loan Documents to National City Commercial Capital Company, LLC (National City), which then became PNC Equipment Finance (PNCEF). *Id.* ¶ 13; Exs. I-J. Thus, at the time Plaintiff filed its Motion for Default, it was LWL Management LLC that owed PNCEF under the notes.

But Defendants are equally responsible for the debt, as each executed and delivered a separate Guaranty Agreement to Key on February 26, 2007. Exs. C-F. In those agreements, Defendants "absolutely unconditionally and irrevocably guarantee[d] to KEF [Key] the full and prompt payment and performance by Borrower of all Obligations . . . on the terms and conditions set forth in this Guaranty." *Id.* So when LWL Management, LLC, along with some of its guarantors, filed for Chapter 11 bankruptcy in September 2009, Pl.'s Compl. ¶ 17, Key was correct to declare an event of default under the notes in its demand letter. Doc. 1-12, Ex. L (demand letter); Doc 1-8 ¶ 15, Ex. H (Master Security Agreement). And under the Master Security Agreement, in the event of a default, Key had the power to declare the balance immediately due and payable, which it did, with an interest rate of 18% (or the maximum allowed by law). Doc. 1-12, Ex. L. Plaintiffs allege that, despite declaring default, Defendants never paid. Pl. Compl. ¶ 22. There is nothing in the record to suggest otherwise.

Thus, this Court finds that there is a sufficient basis in the pleadings to support a default judgment against Defendants under the promissory notes and Guaranty Agreements. Plaintiff's Complaint is well-pleaded, and default judgment is appropriate.

C.   *Damages*

Plaintiff has provided some evidence to substantiate its claim for a specific amount of damages, but not enough to allow this court to use "mathematical calculation by reference to the pleadings and supporting documents" in order to arrive at a specific figure. *James,* 6 F.3d at 310.

Specifically, while Plaintiff has documented the amount of principal on each promissory note—$2,684,505 and $468,800, respectively—Doc. 1-1, Ex. A (note 1); Doc. 1-2, Ex. B (note 2); and the default interest rate, 18%, Doc. 1-8 ¶ 2, Ex. H (Master Security Agreement), it has not sufficiently proven that Lewis Crane's collateral sold for the amount it claims it did during the private sales and auctions related to the referenced bankruptcy proceedings. Rather, the figures Plaintiff cites only appear in its Complaint. Doc. 1, Pl.'s Compl. ¶ 26. For that reason, this Court has determined that supplemental briefing is necessary to establish the value of the collateral and orders Plaintiff to submit such by October 30, 2015. Once that is accomplished, the Court can adequately calculate an amount for the default judgment based on the underlying documentation.

## IV.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment (doc. 12), and **ORDERS** Plaintiff submit, no later than October 30, 2015, supplemental briefing in order to establish the amount for which Defendants' collateral was sold.

SO ORDERED.

Dated: September 18, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE